[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13688
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2010
JOHN LEY
ACTING CLERK

D.C. Docket No. 08-02165-CV-BE-M

KATHY AMOS,

Plaintiff-Appellant,

versus

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 19, 2010)

Before BARKETT, HULL and COX, Circuit Judges.

PER CURIAM:

On October 14, 2008, Kathy Amos filed this lawsuit against Hartford Life and

Accident Insurance Company ("Hartford") in Alabama state court. The single-count

complaint alleged that Hartford breached a group disability insurance policy ("the Policy") by "wrongly terminat[ing]" Amos's benefits under the Policy. (Record Excerpts 1-1.) Hartford removed the case to the United States District Court for the Northern District of Alabama because Amos's claim arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

On Hartford's motion, the district court dismissed Amos's complaint with prejudice, finding that her claim was barred by a contractual limitation of action provision in the Policy. In the same order, the district court denied Amos's motion for remand to the plan administrator so that Hartford could consider medical records that it had not considered previously, finding that remand was inappropriate because the limitations period had expired. Amos appeals the dismissal and denial of remand.

After review of the briefs and record, we affirm. The district court properly held that the three-year limitations period in the Policy is enforceable and, even if it was tolled while administrative remedies were pursued, Amos's suit was filed after the limitations period expired. And, we agree with the district court that remand for further consideration by the plan administrator is not appropriate under these circumstances.

AFFIRMED.